UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CR-218-JVB-APR |
| ) | |
| ROGELIO MALDONADO, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Compassionate Release [DE 115], filed by Defendant Rogelio Maldonado, *pro se*, on May 8, 2020, and on a document filed under seal [DE 124], filed by the Government on June 8, 2020.

### BACKGROUND

On December 3, 2010, a Complaint was filed alleging Defendant conspired to possess with intent to distribute cocaine. Defendant was arrested on December 3, 2010. After a detention hearing, Defendant was released on bond pending trial. On December 15, 2010, an Indictment was filed, and, on June 16, 2011, a Superseding Indictment was filed, charging Defendant with conspiracy to distribute cocaine in violation of 18 U.S.C. § 846 and use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On July 19, 2011, Defendant failed to appear in Court. His bond was later revoked on August 3, 2011.

On December 2, 2016, Defendant pled guilty the counts pending against him. At the March 2, 2017 sentencing hearing, the Court accepted the parties' plea agreement and sentenced Defendant to a total of 120 months imprisonment and 4 years supervised release. Defendant is currently confined at the low security satellite prison (FSL-Elkton) adjacent to the Federal Correctional Institution Elkton (FCL-Elkton) in Ohio.

On May 8, 2020, Defendant filed the instant motion, asking to be released from a Bureau of Prisons facility and placed on home confinement. On May 11, 2020, the Court issued an Order referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. The Federal Community Defender declined to file a brief. The Government filed a response and medical records on June 8, 2020.

## ANALYSIS

As a preliminary matter, no separate motion was filed seeking to keep docket entry 124 under seal, but the document itself was given the label "motion to seal" when it was filed. The document contains personal identifiers and medical information that ought to be maintained under seal. Therefore, the document will be maintained under seal.

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

However, Defendant asks for release to home confinement. While compassionate release—that is, a *reduction* in sentence—is governed by § 3582(c)(1)(A), the *location* where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2). The Court does not have the authority to order the remainder of Defendant's sentence to be served on home confinement. *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

The request for home confinement must be denied because the Court lacks authority to grant the requested relief. Defendant explicitly clarified that he was "not asking that his remaining sentence be reduced or suspended, only that [he] b allowed to serve out the remainder of his sentence on home confinement." (Mot. 2, ECF No. 115). The Court makes no finding regarding relief under 18 U.S.C. § 3582(c)(1)(A), as that relief was explicitly not requested.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Compassionate Release [DE 115]. The Court **DIRECTS** the Clerk of Court to **MAINTAIN UNDER SEAL** the document filed at docket entry 124.

SO ORDERED on June 25, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
