UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>v.   )<br>)<br>ROGELIO MALDONADO, )<br>Defendant. ) | CAUSE NO.: 2:10-CR-218-JVB-APR |

## OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration of Order Issued April 21, 2022 [DE 132] filed by Defendant Rogelio Maldonado on May 9, 2022.

On April 11, 2022, Maldonado filed a motion to for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court referred the motion to the Federal Community Defenders Office to consider representing Maldonado for the motion and filing a supplemental brief. The Government was given seven days to respond to either the supplemental brief or the notice of non-representation, whichever was filed. The Federal Community Defenders Office filed a notice of non-representation, and the Government filed its response brief on April 20, 2022. The Court denied Maldonado's motion on April 21, 2022, and this is the order that Maldonado asks the Court to reconsider.

Maldonado indicates that he wished to file a reply brief but was unable to do so in light of the Court ruling on his motion the day after the response brief was filed. The Court's order setting the Government's response deadline did not consider the filing of a reply brief, but the Court will consider the arguments in Maldonado's motion to reconsider and explain why they would not convince the Court to grant compassionate release even if they had been presented in a reply brief before the Court ruled on the motion.

**BACKGROUND**

On December 3, 2010, the Government filed a criminal complaint against Maldonado. He was released on bond pending trial. In the June 16, 2011 two-count superseding indictment, Maldonado was charged with (1) conspiracy to distribute cocaine in violation of 18 U.S.C. § 846 and (2) use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Maldonado failed to appear for his July 19, 2011, change of plea hearing. The Court revoked his bond, and he ultimately pled guilty to both counts of the superseding indictment on December 2, 2016. At sentencing, Maldonado was committed to the custody of the Bureau of Prisons for a total term of 120 months incarceration, to be followed by 4 years supervised release.

**ANALYSIS**

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements. In *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), the Seventh Circuit Court of Appeals held that there is no applicable policy statement of the U.S. Sentencing Commission regarding motions for compassionate release filed by people who are incarcerated. However, "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* at 1180.

Maldonado argues that the Court should heed the statement in *United States v. Clausen*, that "a long sentence combined with an excellent prison record constitutes extraordinary

circumstances warranting a sentence reduction." The Court has identified the case, which is *United States v. Clausen*, Crim. No. 00-291-2, 2020 WL 4260795 (E.D. Penn., July 24, 2020), but the quoted language does not appear in the case. The *Clausen* court did consider the defendant's many educational programs completed during his twenty years of incarceration, and the court set the matter for a hearing for the purpose of considering the § 3553(a) factors. However, *Clausen* does not convince the Court that a Maldonado should receive compassionate release. *Clausen* is an unreported case from a district court outside of this judicial circuit and has little persuasive authority and no binding authority. Further, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release." 28 U.S.C. § 994(t).

Similarly, *United States v. Dumars*, No. 1:08-CR-2, 2022 WL 7061748 (E.D. Tenn. Dec. 2. 2020), is another unpublished and out-of-circuit decision by a district court. There, the Court decided to order compassionate release where the Government conceded that there was an extraordinary and compelling reason for compassionate release and there was less than one month left to be served on the defendant's sentence. Those circumstances are not present here.

Next, Maldonado cites *United States v. Rodriguez*, 476 F. Supp. 1071 (S.D. Cal. 2020), which is a published, though out-of-circuit, decision. The *Rodriguez* court did state that "[t]he mental health consequences of continued incarceration in the midst of a global pandemic place further stress on the body and immune system," but the court also found that Rodriguez's combination of obesity, asthma, and major depressive disorder was an extraordinary and compelling reason to grant compassionate release. Maldonado has not identified any health conditions he has that would similarly comprise an extraordinary and compelling reason for compassionate release.

In *United States v. Jackson*, No. 2:18-CR-86, 2020 WL 3396901 (N.D. Ind. June 19, 2020), a decision by Judge Philip Simon of this district, Judge Simon granted compassionate release so that Jackson could serve the remainder of his sentence on home confinement. Judge Simon made clear that he believed Jackson's account of being coerced into the robbery for which he was convicted, and Jackson was incarcerated in "one of the hardest hit [correctional] institutions in the country" regarding the coronavirus at a time before vaccines were available. *Id.* at *2. Jackson also had medical conditions that put him at higher risk of complications if he were to contract the coronavirus. *Id.* at *3. Though Maldonado states that Jackson was released after only serving five months, Judge Simon indicates that Jackson had served 24 months. *Id.* at *5. So, as above with *Rodriguez*, *Jackson* is different from Maldonado's situation for many reasons, not the least of which is that Maldonado has not identified medical conditions that he has which place him at higher risk of severe sickness from the coronavirus.[1]

The case of *United States v. Campagna*, --- F. Supp. 3d. ---, 2020 WL 1489829 (Mar. 27, 2020), is also different from Maldonado's circumstances because the Government agreed to a modification of Campagna's sentence so that his outstanding term of imprisonment would be served on home detention instead. There is no agreement regarding Maldonado's motion.

In short, the Court has considered Maldonado's proffered reasons for granting compassionate release and finds that there is no extraordinary and compelling circumstance here, so that relief would be improper.

Regarding safety to the community, though Maldonado states that he has no escapes, detainers, management variables, violence, or conviction for a violent offence, he neglects to note

---

[1] Maldonado indicates that he has a family history of type 2 diabetes and is likely to be diagnosed with diabetes in his lifetime, but the Court will not consider this speculation of a future disease in determining whether Maldonado currently has an extraordinary and compelling reason to be released compassionately.

4

that he failed to appear for his July 19, 2011 change of plea hearing, his bond was revoked, and he ultimately was not arrested until September 15, 2016. Regardless, because there is no extraordinary and compelling reason for compassionate release, the Court need not consider the 18 U.S.C. § 3553(a) factors, which includes the need for the sentence to protect the public from further crimes of the defendant.

Maldonado also indicates that he has a release plan for employment, housing, and family. It will no doubt benefit Maldonado to have such a plan in place for his release, but the plan by itself does not present a reason to order compassionate release for Maldonado.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Reconsideration of Order Issued April 21, 2022 [DE 132].

SO ORDERED on May 10, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
